**PEOPLES SAVINGS BANK, Plaintiff-Appellee, v FOUREMAN, Defendant-Appellant**

Ohio Appeals, Second District, Darke County

No. 645—Decided April 9, 1946

158

George W. Porter, Greenville, for Plaintiff-Appellee.
Walter F. Rhynard, Greenville, for Defendant-Appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal from a money judgment in favor of plaintiff by a jury upon a directed verdict after the submission of the evidence of both parties upon trial of the cause.

Plaintiff's action was upon a promissory note dated December 13, 1930, payable to the order of Allen Foureman of Greenville, Ohio, for the sum of $91.30, signed by W. E. Albright and endorsed to plaintiff bank by C. Foureman, Trustee of Allen Foureman.

The issue joined raised the question of the legal right of the plaintiff to maintain its action on the note under the facts and particularly upon the endorsement of C. Foureman, Trustee of Allen Foureman, who, on the date that the note was given, was acting as trustee of Allen Foureman under a trust deed made by Allen Foureman to said Cornelius Foureman.

The defendant by answer set up several defenses, the effect of all of which was to question the validity of the note and particularly its ownership under the endorsement appearing thereon. The trial judge directed a verdict and the motion for new trial and the assignment of errors raise substantially the same questions as set up in the answer of defendant, all of which go to the ultimate question of the right of the bank to maintain its action on the note under the facts appearing.

We are of opinion that there is but one legal question of consequence presented, namely, the right of the trustee to

sell the personal property for the purchase price of which the note in question was given and to take the note therefor instead of cash. The plaintiff bank was obligated to learn the authority and power of the trustee to take the note and to make the endorsement. **Holmes, Booth and Haydens v Hayes, 52 Oh St 617**; Stone v. Davenport, 7 O. D. Rep. 83; Mutual Mfg. Co. v. Divine, 21 O. D. N. P. 802; Anglo-South American Bank v. Star Drilling Machine Co., 20 O. D. N. P. 200.

By the terms of the trust instrument, it fairly appears that Allen Foureman transferred the legal title to real estate and personal property, therein described, to Alonzo Foureman for the purpose of paying the creditors of Allen Foureman and to accomplish this the trustee was given absolute control of the property during the life of the trust and to administer the property so as to accomplish the purposes of the trust. It is obvious that the trustee was given power to sell either privately or by vendue the personal property if thereby he could better assure the payment of the creditors of the maker of the trust. Ordinarily it may be said, that if an instrument is silent as to the manner of sale whether cash or on credit that it shall be made for cash. American Law Institute, Restatement of the Law of Agency, Sec. 70. However, here was an instrument authorizing the management, control and sale of farm property which was sold at public auction. It is testified and undenied that it was customary practice at such sales to accept notes for the purchase price of personal property. It is probable then, that by implication, this instrument authorized such a form of sale which was in accord with the business practice of the vicinity in which the sale was conducted.

Under all the circumstances appearing and in the light of the trust instrument, we are not prepared to say that the trial judge held erroneously on this determinative question.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.

No. 645—Decided April 26, 1946.

**OPINION**

By THE COURT:
Submitted on application of defendant-appellant for re-

hearing upon which we have an original brief and a second and third brief noted as addenda No. I and No. II, and brief of defendant-appellant.

The first ground of the application raises a question which in so far as we are able to determine was not presented, discussed nor considered in the trial court nor here.

The second implies that the court did not appreciate the identity of the persons involved. This is predicated upon the use of the name of Alonzo Foureman instead of C. Foureman. This was an inadvertence and a reading of the subject matter is convincing that the court where the mis-statement occurred had in mind and was speaking of the trustee of Allen Foureman and had no misapprehension of the identity of the trustee.

There is some merit in the third question, namely, the factual issue of the custom in the community of taking notes at public farm sales but inasmuch as the only evidence developed tended to support the claim that such was the custom, we are of the opinion that reasonable minds could not have dffered upon the answer to this question at the time the cause was presented to the jury.

Fourth, the court did not discuss "the question of consideration." Manifestly there was a consideration for the transfer of the note to the bank.

Some comment is made to the effect that the court did not appreciate the exact amount of the money judgment in favor of the plaintiff. Obviously, we did not compute the total sum due on the judgment and it is immaterial because it is not affected by any legal principle involved.

The addenda suggests that the note upon which the suit was instituted had been paid. This is an appeal on questions of law and restricts the consideration in this Court to the issues drawn in the trial court. Payment is an affirmative defense which must be pleaded to be asserted. We have no authority to consider it upon this appeal.

In our original opinion we discussed the determinative legal question presented and upon consideration of the application for rehearing find no reason advanced which requires that we grant the application. It will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.